UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS DANNY SOTO,<br><br>                    Plaintiff,<br><br>         -against-<br><br>TESLA INC., ET AL.,<br><br>                    Defendants. | 25-CV-1544 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging Defendants violated his rights. By order dated March 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff brings this action against approximately 32 defendants, many of which are associated with Elon Musk or the family of Rupert Murdoch. Defendants include Tesla, Inc.; Space Exploration Technologies Corp. (known as "SpaceX"); X Corp.; Open AI, Inc.; News Corporation; Fox Television Stations, LLC; News Corp. UK & Ireland LTD; Tubi, Inc.; Dow Jones & Company, Inc.; Elon Musk; Keith Rupert Murdoch; and Lachlan Keith Murdoch, among others.

> Plaintiff alleges that Defendants
>
> have a history of illicit behaviors, history of illicit drug use, history of getting companies to cover for them, history of drug rehabbing covertly, history of drug rehabbing members of law enforcement illegally, history of rehabbing members of the City of New York Police Department (NYPD), Federal Bureau of Investigation (FBI), [and] United States Secret Service[.]

(ECF 1, at 5.) Defendants also have a history of "getting fellow billionaires and celebrities to cover for them, and take responsibility for drug rehabbing government officials, history of hush payments for such activities, including paying off witnesses and government officials to prevent

criminal prosecutions and lawsuits, and history of clearing the field of political opponents for politicians." (*Id.*)

Plaintiff alleges,

> From 2021 and through 2025, firms, universities, news and entertainment companies and governments have assaulted, threatened, harassed, stalked, endangered and discriminated against Plaintiff. The legal departments, personnel departments, company executives, company managers, company board members, company employees and company shareholders et al., have within Plaintiff's consent or knowledge, installed equipment in Plaintiff's home that is used to treat mental disorders common among drug abusers."

(*Id.* at 6.) Musk also "made a deal with Plaintiff for $65,000,000,000 for himself and his family and executives from his firm and friends and United States Senators . . . to use the same equipment Plaintiff was placed on post use." (*Id.*)

SpaceX and OpenAI used Plaintiff "as an unwilling and nonconsensual test subject putting Plaintiff through space simulators such as a centrifuge meant to train astronauts using anthropomorphic test devices that left Plaintiff sick for weeks as it was random and repeated for months." (*Id.* at 7.)

Musk, Murdoch, and other executives at their companies "encouraged and directed law enforcement to harass and intimidate and marginalize Plaintiff by getting local police officers and federal police officers to participate in a scheme where they requested personal information on Plaintiff, including medical records and shared it with others involved." (*Id.* at 8.) These employees went to Plaintiff's home and "caused emotional distress and physical pain by passing intrusive video of themselves at work and other environments, including in intimate situations through the equipment to Plaintiff." (*Id.*)

Plaintiff further alleges that he

> was threatened and harassed night and day by Elon and family and employees from [T]esla, SpaceX, OpenAI, tbc, NEURALINK, [M]usk [F]oundation, et [a]l., and by Lachlan, James, Robert and their families and employees from FOX, et al.

3

>Plaintiff was also sent hundreds of hours of video of sexual and macabre content. All defendants appeared on camera regularly for more than two years.

(*Id.* at 10.)

Plaintiff seeks a minimum of $65,000,000,000 in damages.

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs – however strongly he may hold them – are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims that Elon Musk, Rupert Murdoch, and their companies have experimented on him, directed others to harass and intimidate him, and sent him inappropriate videos, his claims rise to the level of the irrational and must be dismissed as frivolous.[1] *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's allegations that he had

---

[1] Plaintiff included similar allegations in another action he filed in which he named more than 400 defendants, including numerous federal, state, and local officials. *See Soto v. State of New York*, ECF 1:25-CV-1543, (LLS) (S.D.N.Y. June 3, 2025). By order dated June 3, 2025, the Court dismissed that action as frivolous.

"been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

                                              _____
                                                    Louis L. Stanton
                                                         U.S.D.J.